UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TASHANTA R., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 24-234PAS |
| | : | |
| MARTIN O'MALLEY, Commissioner, | : | |
| Social Security Administration, | : | |
|     Defendant. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On June 14, 2024, *pro se* Plaintiff Tashanta R., proceeding *in forma pauperis*, filed a complaint, ECF No. 1, seeking relief from a notice she had received from the Social Security Administration ("SSA") advising her that she owes more than $30,000 because of periodic overpayments of disability benefits over a period of many years. Plaintiff's complaint does not plead that she has received notice of a final agency decision from the SSA nor does it otherwise allege that she has exhausted administrative remedies. On August 9, 2024, Defendant Martin O'Malley, the Commissioner of the SSA ("the Commissioner"), filed a motion to dismiss Plaintiff's complaint arguing that Plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C.§ 405(g). ECF No. 7. The Commissioner's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), is pending before me on consent of the parties pursuant to 28 U.S.C. § 636(c).

Plaintiff did not file any opposition or other response to the Commissioner's motion.[1] Despite the lack of any opposition but mindful of Plaintiff's plea that she "wanted to come see a

---

[1] It is well settled that the Court cannot rest on the lack of opposition in determining a motion to dismiss. <u>Stenmark v. Sec'y of Veterans Affs.</u>, C.A. No. 16-194 S, 2016 WL 4621074, at *1 (D.R.I. Sept. 6, 2016) (when assessing

judge," ECF No. 1 at 6, the Court convened a remote hearing on the motion to dismiss on September 16, 2024.[2] At the hearing, Plaintiff appeared (along with counsel for the Commissioner) but did not articulate any basis in law or in fact for opposing the motion to dismiss. However, she did advise the Court that she wished to be represented by an attorney but had been unable to find an attorney despite efforts to engage one. See Text Order of Sept. 17, 2024. Based on Plaintiff's request, the Court entered the following Text Order:

> [T]he Court determines that Plaintiff is eligible for pro bono counsel and that an attorney should be appointed from the Court[']s pro bono panel to advise Plaintiff *inter alia* whether this case is premature and should be voluntarily dismissed for her to pursue administrative remedies or to prepare an opposition to the motion. This right to counsel is subject to whether an attorney from the panel with the requisite expertise will accept the engagement.[3] Based on the Court[']s plan to appoint an attorney, the Court will not rule on the pending motion to dismiss until either an attorney enters and advises the Court whether the motion will be opposed or the case will be voluntarily dismissed, or until any qualified attorney declines. The Court notes that Plaintiff herself should continue to seek counsel on her own by contacting the Social Security office indicated in the letters she has received.

Id. Consistent with this Order, on September 19, 2024, the Court made a provisional appointment of the only Social-Security qualified attorney on its Pro Bono Panel. However, on September 24, 2024, following a meeting with Plaintiff,[4] that attorney declined to be appointed

---

unopposed 12(b)(6) motion, lack of opposition does not relieve court of obligation to examine complaint to see whether it is sufficient to state a claim). Thus, the Court has analyzed the merits of the motion as applied to the complaint and has made its determination based on that analysis.

[2] Plaintiff struggled during the hearing in that she was unable to unmute herself; however, she was able to respond to the Court's inquiries in the chat and through hand gestures. See Text Order of Sept. 17, 2024.

[3] In making the appointment of an attorney from the Pro Bono Panel subject to the acceptance of the engagement by an attorney with the requisite expertise, the Court was relying on the well-settled principle that the law does not create an absolute right to appointed counsel in a civil case. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). In addition to establishing indigency, a civil litigant seeking the appointment of *pro bono* counsel must also sustain the burden of demonstrating that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on [her] due process rights" based on the total situation. Id. at 23-24.

[4] As this decision was being finalized in accordance with the Text Order of September 17, 2024, the Court received a letter from Plaintiff in which she represented that she believes that the qualified attorney's declination may have

as counsel in the case. ECF No. 9. As of this writing, no other attorney has entered an appearance on Plaintiff's behalf.[5] Therefore, the Court now proceeds to determine the unopposed motion to dismiss.

I.      **Standard of Review**

Because the failure to receive a final decision is waivable by the SSA and thus non-jurisdictional, without a waiver, the proper vehicle for dismissal of a case against the SSA for failure to exhaust administrative remedies is Fed. R. Civ. P. 12(b)(6) because the court lacks the statutory power to grant relief. See Smith v. Berryhill, 587 U.S. 471, 478 (2019). On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir.

---

been based on race and the neighborhood in which she lives. ECF No. 10. Because this attorney is familiar to the Court as a lawyer who routinely represents Social Security claimants who are indigent, the Court is satisfied that this is not the case.

[5] Plaintiff's letter does not say whether she complied with the Court's directive to continue to seek counsel on her own by accessing the information provided to her by the SSA.

2008) (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)).

Because Plaintiff is proceeding *pro se*, her complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

**II.    Analysis**

According to the "basic rule of federal sovereign immunity," the United States cannot be sued without Congress's consent. Block v. North Dakota ex rel. Bd. Of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983). As a corollary, Congress is empowered to prescribe the procedures and conditions for judicial review of administrative orders. Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958). For claims arising under the disability insurance Title (II) of the Social Security Act, such as this case, Congress has done that in 42 U.S.C. § 405(g). This statute permits review only of a "final decision of the Commissioner." 42 U.S.C. § 405(g); see Weinberger v. Salfi, 422 U.S. 749, 757 (1975). Congress prescribed that the meaning of this term – "final decision" – "is left to the [agency] to flesh out by regulation." Weinberger, 422 U.S. at 766.

For a final decision reviewable in federal court, the pertinent regulations require claimants to complete a four-step administrative review process to obtain a judicially reviewable final decision: (1) an initial determination; (2) reconsideration of the initial determination; (3) an ALJ hearing decision; and (4) Appeals Council review of the ALJ's decision. 20 C.F.R. §§ 404.900(a), 404.981. The regulations also state: "When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, [the SSA]

will have made [its] final decision. If you are dissatisfied with [its] final decision, you may request judicial review by filing an action in a Federal district court." 20 C.F.R. § 404.900(a)(5); see D.S. v. Kijakazi, C.A. No. 22-12001-FDS, 2024 WL 22858, at *2 (D. Mass. Jan. 2, 2024). When the complaint fails to allege that a plaintiff has received a final decision from the SSA, dismissal is required. See, e.g., O'Donoghue v. U.S. Soc. Sec. Admin., 828 F. App'x 784, 788 (2d Cir. 2020); D.S., 2024 WL 22858, at *2; Diaz v. Soc. Sec. Admin., No. 21-10460-LTS, 2021 WL 5610926, at *1 (D. Mass. July 15, 2021).

Here, Plaintiff's pleading fails to allege that she has exhausted administrative remedies as required by § 405(g). Nor does the complaint allege that the SSA has waived the requirement that she must do so. At most, Plaintiff alleges that she received an initial notice; nowhere within the complaint or its attachments does she assert that there has been a final decision from the Commissioner or the SSA concerning her claim.[6] Therefore, the Court cannot grant the requested relief and the case must be dismissed for failure to state a claim. See D.S., 2024 WL 22858, at *1-2.

### III. Conclusion

Based on the foregoing, the Court orders that the Commissioner's motion to dismiss (ECF No. 7) is granted. The complaint is hereby dismissed; the dismissal is without prejudice as to its renewal after a final decision by the SSA. The Clerk is directed to enter judgment in favor of the Commissioner.

---

[6] As an alternative path to decision, the motion to dismiss represents that Plaintiff filed a request for reconsideration of the overpayment determination on May 9, 2024, and that her request for reconsideration remains pending. ECF No. 7. While arguing that the Court can take judicial notice of the actual non-final phase that Plaintiff's administrative claim has reached (which information is omitted from Plaintiff's complaint), the Commissioner's principal argument rests on the complaint and Plaintiff's failure to plead exhaustion. Guided by courts that deemed the failure to plead exhaustion sufficient to order dismissal based on the failure to exhaust, see, e.g., D.S., 2024 WL 22858, at *2; Diaz, 2021 WL 5610926, at *1-2, I have chosen the latter course, limiting my analysis to the four corners of Plaintiff's complaint and attachments.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 4, 2024